UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

OLEG SOULOUK, *et al.*,

                    Plaintiffs,

-against-

EUROPEAN COPPER SPECIALISTS, INC., *et al.*,

                    Defendants.

14cv08954 (DF)

**ORDER**

---

**DEBRA FREEMAN, United States Magistrate Judge:**

      This case being before this Court on consent pursuant to 28 U.S.C. § 636(c); and Plaintiffs having filed a motion on June 19, 2020, seeking an Order declaring defendants European Copper Specialists, Inc. ("ECS") and Ante Markota ("Markota") to be in default, striking their Answer, and entering a default judgment against them as to liability on Plaintiffs' claims (Dkt. 98); and defendant Stalco Construction, Inc. ("Stalco") having filed a cross-motion on June 25, 2020, similarly seeking an Order declaring ECS and Markota to be in default, striking their Answer to Stalco's crossclaims, and entering a default judgment against them as to liability on those crossclaims (Dkt. 100); and ECS and Markota having filed no response to either of these motions; and the Court having issued an Order To Show Cause on September 23, 2020, directing ECS and Markota to show cause by October 30, 2020, why they should not be held in default, why their Answer should not be stricken, and why the Court should not enter default judgments against them as to liability on both Plaintiffs' claims and Stalco's crossclaims (Dkt. 106); and ECS and Markota having failed to respond, to date, to the Order To Show Cause; it is hereby ORDERED that:

      1.    The Answer of ECS and Markota to the Complaint (Dkt. 10) and the Answer of ECS and Markota to Stalco's crossclaims (Dkt. 21) are both stricken.

2.      The Clerk of Court is directed to enter defaults, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, against defendants ECS and Markota, on both Plaintiffs' claims and Stalco's crossclaims.

3.      The Court finds that, under Rule 55(b)(2), Plaintiffs are entitled to a default judgment as to liability on their claims against ECS and Markota, and Stalco is similarly entitled to a default judgment as to liability on their crossclaims against ECS and Markota.  The amount of damages to be awarded upon such default judgments will be determined following a damages inquest, which may be requested by Plaintiffs and Stalco prior to or immediately following the trial (or settlement) of Plaintiffs' claims against Stalco.

Within one week of the date of this Order, Plaintiffs and Stalco are each directed to serve a copy of this Order on ECS and Markota, by mail to (1) the home address for Markota provided by Plaintiffs' counsel in the letter filed at Dkt. 93, (2) the attorney who represented Markota in the bankruptcy proceedings, whose address is also provided in that same letter, and (3) the last-known business address of ECS.  Plaintiffs and Stalco should then promptly file proof of such service on the Docket of this action.

Dated:  New York, New York
          November 19, 2020

SO ORDERED

_____
DEBRA FREEMAN
United States Magistrate Judge

Copies to:

All counsel (via ECF)